[Cite as *State v. Jeffries*, 2014-Ohio-4738.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2013-L-083** |
| RONALD L. JEFFRIES, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Lake County Court of Common Pleas, Case No. 12 CR 000591.

Judgment: Affirmed.

*Charles E. Coulson*, Lake County Prosecutor, and *Karen A. Sheppert*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Jay F. Crook*, Shryock, Crook & Associates, LLP, 30601 Euclid Avenue, Wickliffe, OH 44092 (For Defendant-Appellant).

THOMAS R. WRIGHT, J.

{¶1}   This appeal is from the Lake County Court of Common Pleas.  A jury found appellant Ronald L. Jeffries guilty of receiving stolen property, a misdemeanor of the first degree, in violation of R.C. 2913.51(A); tampering with evidence, a felony of the third degree, in violation of R.C. 2921.12(A)(1); and money laundering, a felony of the third degree, in violation of R.C. 1215.55(A)(2).  The trial court merged all three counts for purposes of sentencing.  Jeffries was sentenced to two years in prison on

the *money laundering* count. On appeal, Jeffries challenges his "conviction" for *tampering with evidence* arguing sufficiency and manifest weight of the evidence. For the following reasons, we affirm.

{¶2} On January 3, 2012, a western Pennsylvania branch of Community National Bank was robbed. The bank gave the robber bait bills, i.e. money which was to be used in case of bank robbery, and a dye pack that would stain the money upon leaving the bank. On January 5, 2012, Jeffries appeared at Jeffrey Stewart's house with a bag full of red dye-stained money. Jeffries informed Stewart that he needed help to get the red dye out of the money. The two went to a hardware store and bought a spray that Jeffries believed would remove the dye. Their efforts were largely unsuccessful. Some time thereafter, Jeffries and Stewart decided to exchange the bills at coin machines located at car washes.

{¶3} On January 6, 2012, a pedestrian saw Stewart at a car wash exchanging money at a coin machine and noticed that the gloves on Stewart's hands had red fingertips. He also observed Stewart walking back and forth to a silver F-150 with Jeffries in the driver's seat. Because this pedestrian was familiar with dye pack use in bank robberies, he flagged down a police officer and informed him of the situation. The police arrived at the car wash and found Stewart near a coin machine, but did not see the silver F-150 or Jeffries. A pat-down of Stewart's person revealed several red-dye stained bills and quarters. Consequently, the police, who were also aware of dye pack use in bank robberies, arrested Stewart. Three months later, Stewart implicated Jeffries with the hope of receiving lenient punishment.

{¶4} As his sole assignment of error, Jeffries asserts:

**{¶5}** "Did the Court committed (sic) reversible error by allowing the jury verdict of guilty to stand on the count of tampering with evidence when said verdict was against the manifest weight of the evidence and the evidence was legally insufficient to support such a conviction." (sic)

**{¶6}** As stated, the trial court merged all of the counts and sentenced Jeffries to two years imprisonment for money laundering, not for tampering with evidence. Under Ohio law, a conviction requires a guilty verdict plus a sentence. *State v. Howard*, 11th Dist. Lake No. 2010-L-048, 2011-Ohio-2840, ¶24. Jeffries was not sentenced for tampering with evidence; therefore, he was not convicted of that offense. As Jeffries sole assignment is purely academic and courts are not to issue advisory opinions, we decline to address his assignment as disposition will not change his predicament. *State ex rel. Ohio Acad. of Trial Lawyers v. Sheward*, 86 Ohio St. 3d 451, 469 (1999). To that extent, his assignment is without merit.

**{¶7}** The trial court's judgment is affirmed.


CYNTHIA WESTCOTT RICE, J.,

COLLEEN MARY O'TOOLE, J.,

concur.

3